UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-01734-JPH-DML |
| ) | |
| DUSHAN ZATECKY Warden, ) | |
| DUANE ALSIP Assistant Warden, ) | |
| DENNIS REAGLE Assistant Deputy Warden, ) | |
| MICHELLE BILLITER Officer, ) | |
| JOHNATHAN JACKSON Sergeant, ) | |
| TIM DINKINS Sergeant, ) | |
| CURTIS BYNUM Lieutenant, ) | |
| JASON ERNEST Lieutenant, ) | |
| ) | |
| Defendants. ) | |

**ENTRY SCREENING COMPLAINT, DISMISSING INSUFFICIENT CLAIMS,
AND DIRECTING ISSUANCE AND SERVICE OF PROCESS**

**I. Screening of Complaint**

**A.**     *Legal Standards*

Plaintiff David Howard is a prisoner currently confined at Pendleton Correctional Facility (Pendleton). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), the Court has an obligation under § 1915A(a) to screen his complaint before service on the defendants. Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a
> claim for relief that is plausible on its face. A claim has facial plausibility when

1

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal,* 851 F.3d at 720.

**B.** *Allegations*

The complaint filed on June 25, 2020, names eight defendants: 1) Warden Dushan Zatecky; 2) Assistant Warden Duane Alsip; 3) Assistant Deputy Warden Dennis Reagle; 4) Officer Michelle Billiter; 5) Sgt. Johnathan Jackson; 6) Sgt. Tim Dinkins; 7) Lt. Curtis Bynum; and 8) Lt. Jason Ernest. For relief, Mr. Howard seeks injunctive relief and compensatory and punitive damages.

Mr. Howard alleges that on August 20, 2018, Officer Billiter confiscated hundreds of his legal documents when he returned to Pendleton from a Marion County court. The documents consisted of legal materials, affidavits, research, and exonerating evidence he obtained for his criminal defense from witnesses, paralegals, investigators, law students, and others. This caused him to go to jury trial unprepared and without evidence for his defense. He alleges that as a result he was found guilty. Mr. Howard alleges that Sgt. Jackson, Sgt. Dinkins, Lt. Bynum, and Lt. Ernest also participated in confiscating his legal documents.

Mr. Howard alleges that defendants Warden Zatecky, Assistant Warden Alsip, and Assistant Deputy Warden Reagle are liable for being "grossly negligent in managing" their officers. Dkt. 2 at 3, 5, 6.

**C.** *Discussion*

It appears that Mr. Howard was a pretrial detainee at the time of his allegations. He alleges that the defendants violated his Eight, Fourth, First, and Fourteenth Amendment rights. He alleges that he was denied access to the courts and that the defendants retaliated against him.

"[C]onstitutional claims must be addressed under the most applicable provision." *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (internal citation omitted). A complaint "gains nothing by attracting additional constitutional labels." *Id*. Although Mr. Howard alleges that he was subjected to "cruel and unusual punishment" invoking the Eighth Amendment, any claim under the Eighth Amendment is **dismissed for failure to state a claim upon which relief can be granted** because the Eighth Amendment does not apply to pretrial detainees. *See Estate of Clark v. Walker*, 865 F.3d 544, 546 n. 1 (7th Cir. 2017) ("While the Eighth Amendment applies to convicted prisoners, the Fourteenth Amendment applies to pretrial detainees."). In addition, none of the factual allegations support an Eighth Amendment claim.

Any Fourth Amendment claim is **dismissed for failure to state a claim upon which relief can be granted** because inmates do not have a Fourth Amendment right protecting against the seizure of property from a prison cell. *See Hudson v. Palmer,* 468 U.S. 517, 536 (1984) ("We hold that the Fourth Amendment has no applicability to a prison cell."). To the extent he was deprived of personal property, any Fourth or Fourteenth Amendment claim fails because he has an adequate post-deprivation remedy. It is well settled that Indiana law and Indiana's courts provide an adequate remedy to Indiana prisoners asserting claims for deprivation of property. *See Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010) ("To the extent that Watkins relies on the destruction of his personal legal materials, his complaint is better characterized as a deprivation of property claim, for which he may seek relief at state law."). Therefore, his Fourteenth Amendment claims are also **dismissed for failure to state a claim upon which relief can be granted.**

Mr. Howard alleges that the defendants retaliated against him "for no valid reason." "To prevail on a First Amendment retaliation claim, a plaintiff must show that (1) he engaged in

constitutionally protected speech; (2) he suffered a deprivation likely to deter his free speech; and (3) his protected speech was at least a motivating factor for the deprivation." *Lavite v. Dunstan*, 932 F.3d 1020, 1031 (7th Cir. 2019). Simply alleging "retaliation" is not sufficient to state a claim. *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) (explaining that "in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."). Any claim of retaliation is **dismissed for failure to state a claim upon which relief can be granted** because the allegations do not support a claim that Mr. Howard had engaged in protected speech.

The claims against Warden Zatecky, Assistant Warden Alsip, and Assistant Deputy Warden Reagle are **dismissed for failure to state a claim upon which relief can be granted** because "[l]iability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). None of these defendants are alleged to have actually participated in the confiscation of the legal papers.

No partial final judgment shall issue at this time with respect to the claims dismissed in this Entry.

Mr. Howard's claim that he was denied access to the courts by Officer Billiter, Sgt. Jackson, Sgt. Dinkins, Lt. Bynum, and Lt. Ernest, in violation of the First Amendment, **shall proceed.**

These are the claims the Court discerns in the complaint. If the plaintiff believes that additional claims were alleged in the complaint but not identified by the Court, he shall have **through September 15, 2020,** in which to identify those claims.

## II. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Officer Michelle Billiter, Sgt. Johnathan Jackson, Sgt. Tim Dinkins, Lt. Curtis Bynum, and Lt. Jason Ernest in the manner specified by Rule 4(d). Process shall consist of the complaint filed on June 25, 2020 (docket 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The **clerk is directed** to **terminate from the docket** defendants Warden Dushan Zatecky, Assistant Warden Duane Alsip, and Assistant Deputy Warden Dennis Reagle.

**SO ORDERED.**

Date: 8/20/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DAVID HOWARD
936576
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to:

Officer Michelle Billiter
Sgt. Johnathan Jackson
Sgt. Tim Dinkins
Lt. Curtis Bynum
Lt. Jason Ernest           (all at Pendleton Correctional Facility)