UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01734-JPH-DML |
| | ) | |
| MICHELLE BILLITER, | ) | |
| JOHNATHAN JACKSON, | ) | |
| TIM DINKINS, | ) | |
| CURTIS BYNUM, | ) | |
| JASON ERNEST, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON POST-JUDGMENT MOTIONS

The Court granted the defendants' motion for summary judgment on the issue of exhaustion of administrative remedies and dismissed this action on April 8, 2021. Dkts. 30, 31. For the reasons set forth in this Entry, the plaintiff's post-judgment motions, dkts. [32], [33], [36], and [40], are **denied.**

1.      The plaintiff's motion to reconsider, filed on May 3, 2021, is treated as a motion to alter or amend judgment under Rule 59 of the Federal Rules of Civil Procedure. Dkt. 32. "A Rule 59(e) motion can be granted only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Barrington Music Prod., Inc. v. Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019) (internal quotation omitted). "A manifest error occurs when the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Illinois*, 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). Relief through a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional

1

case." *Runnion ex rel. Runnion v. Girls Scouts of Greater Chicago,* 786 F.3d 510, 521 (7th Cir. 2015) (internal quotation omitted).

In his Rule 59(e) motion, the plaintiff raises arguments that were not presented in response to the defendants' motion for summary judgment. Specifically, he now asserts, without evidence, that he was not made aware of the grievance process during orientation. He has not presented any newly discovered evidence, nor has he demonstrated that the Court made a manifest error in relying on the record as presented. His motion to reconsider, treated as a Rule 59(e) motion, dkt. [32], is **denied.** His motion for extension of time to file motion to reconsider, dkt. [33], is **denied as moot** because his motion was timely filed.

2.      The plaintiff filed a motion to alter or amend judgment on May 25, 2021. dkt. [40]. This motion must be treated as a Rule 60 motion because it was filed more than 28 days after judgment was entered. "Rule 60(b) authorizes a court to relieve a party or its legal representative from a final judgment, order, or proceeding for various reasons including mistake, inadvertence, surprise, or excusable neglect, or any other reason that justifies relief, but only on motion of a party." *Shuffle Tech Intern., LLC v. Wolff Gaming, Inc.,* 757 F.3d 708, 709 (7th Cir. 2014) (internal quotations omitted). "Rule 60(b)(6), as a residual catchall, applies only if the other specifically enumerated rules do not." *Pearson v. Target Corp.*, 893 F.3d 980, 984 (7th Cir. 2018). Although the Court has "wide discretion" under Rule 60(b)(6), relief "is available only in extraordinary circumstances…" *Id.* (internal quotations omitted). The plaintiff does not state on what basis he invokes Rule 60(b).

In his Rule 60(b) motion, the plaintiff requests a *Pavey* hearing so that he can put forth his new arguments. Because no genuine issue of material fact existed at the summary judgment stage,

no hearing was necessary nor is one appropriate now. The plaintiff's Rule 60(b) motion to alter or amend judgment, dkt. [40], is **denied.**

       3.      The plaintiff's motion for assistance with recruiting counsel, dkt. [36], is **denied as moot.**

       4.      The plaintiff's motion for status of case, dkt. [43], is **granted to the extent** this Entry addresses his pending post-judgment motions.

**SO ORDERED.**

Date: 9/2/2021

Distribution:

DAVID HOWARD
936576
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

J. Derek Atwood
INDIANA ATTORNEY GENERAL
derek.atwood@atg.in.gov

Alexander Robert Carlisle
OFFICE OF THE ATTORNEY GENERAL
Alexander.Carlisle@atg.in.gov

Samantha May Sumcad
INDIANA ATTORNEY GENERAL
samantha.sumcad@atg.in.gov

James Patrick Hanlon
United States District Judge
Southern District of Indiana

3